UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TANNER J. STICKNEY,

    Plaintiff,

        v.                                          CAUSE NO. 3:22-CV-355-JD-MGG

WILLIAM HYATTE, et al.,

    Defendants.

## OPINION AND ORDER

Tanner J. Stickney, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Stickney sues Warden William Hyatte, alleging the warden failed to protect him from an attack by his cellmate. Stickney alleges that he and his family contacted the warden to have him separated from his cellmate because "we weren't getting along." ECF 1 at 2. However, he was not moved, and his cellmate stabbed him in his left eye on November 10, 2020.

These allegations do not plausibly allege that Warden Hyatte can be held responsible for the attack. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. As the Seventh Circuit has explained:

> To establish deliberate indifference on the part of the defendants sued individually, [plaintiff] needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger. [Plaintiff] testified during his deposition that he told officers twice . . . that he was afraid for his life and he wanted to be transferred off the tier. . . . This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (internal citations and footnote omitted).

Here, making Warden Hyatte aware that Stickney and his cellmate "were not getting along" is insufficient to allege that the warden had knowledge of a specific

2

threat to Stickney's safety. In *Klebanowski*, the Seventh Circuit did not find the plaintiff's statements that he was afraid for his life and wanted to be transferred as sufficient to communicate a specific risk to his safety. 540 F.3d at 639-40. Stickney's statements are similarly nonspecific.

Moreover, it is unclear whether Warden Hyatte would have personal involvement in making determinations about cell placements. In order for a defendant to be held individually liable under 42 U.S.C. § 1983, that defendant must have "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). Warden Hyatte cannot be blamed if another staff person was responsible for the decision not to separate Stickney from his cellmate. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). To allow a claim to go forward against a supervisory official based only on letters and a failure to intervene, the plaintiff "has the burden of demonstrating that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety.'" *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). That standard is not met here.

In addition, Stickney sues his cellmate who stabbed him. But he does not provide a basis to bring a claim against him in federal court. Federal courts can hear only certain types of cases. *See Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir.

3

2006). This claim does not fall under federal question jurisdiction, which allows federal court to hear claims based on a federal law. 28 U.S.C. § 1331. Stickney's cellmate is a private person, and not a state actor. Therefore, he cannot be sued under 42 U.S.C. § 1983. *See Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) ("In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law."). Federal courts can hear state law claims under diversity jurisdiction, which requires that the parties are citizens of different states and more than $75,000 is in controversy. 28 U.S.C. § 1332. But there is no basis in the complaint to plausibly suggest that diversity jurisdiction exists, and instead it appears that both Stickney and his cellmate are citizens of Indiana.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Stickney may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Tanner J. Stickney until **September 8, 2022**, to file an amended complaint; and

(2) CAUTIONS Tanner J. Stickney if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 8, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT